UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| GUADALUPE GARCIA, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO: 7:22-cv-00322 |
| | § | |
| MERIDIAN SECURITY INSURANCE | § | JURY DEMANDED |
| COMPANY | § | |
| Defendant. | § | |

## DEFENDANT MERIDIAN SECURITY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Meridian Security Insurance Company ("Defendant" or "Meridian"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 as follows:

## I.      NATURE OF THE SUIT

1.      This lawsuit arises from an insurance claim made by Guadalupe Garcia ("Plaintiff") under insurance policy number 1000484674 issued by Meridian Security Insurance Company to Guadalupe Garcia for policy period from May 11, 2020 to May 11, 2021, subject to all terms and conditions therein and all endorsements attached thereto ("Policy"). Plaintiff's claim was reported on or about August 5, 2020 ("Claim"). Plaintiff alleges generally that Meridian improperly investigated the claim, misrepresented the terms of coverage, and wrongfully denied the claim. *See generally* **Exhibit F** (Plaintiff's Original Petition). Plaintiff filed this lawsuit alleging breach of contract, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and breach of the duty of good faith and fair dealing, and seeks statutory damages, exemplary damages, and attorney's fees.

## II.      PROCEDURAL BACKGROUND

2.      On August 5, 2022, Plaintiff filed his Original Petition initiating an action in the County

Court At Law # 4, Hidalgo County, Texas, bearing Cause No. CL-22-3232-D ("State Court Action"). *See* **Exhibit F.** A jury demand was made in the State Court Action.

3.      Meridian was served with Citation on August 12, 2022.

4.      This Notice of Removal is timely filed within the 30-day statutory time period for removal under 28 U.S.C. § 1446(b)(1), being filed within 30 days of service on Defendant.

### III.      BASIS FOR REMOVAL

5.      This Court has original diversity jurisdiction under 28 U.S.C. § 1332 over this civil action, and the action may be removed by Meridian pursuant to 28 U.S.C. § 1441(b), as it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**A.      Complete Diversity of Citizenship Exists Between the Properly Joined Parties.**

6.      **Plaintiff is a Texas citizen**. According to Plaintiff's state court pleadings, Plaintiff resides in Hidalgo County, Texas. **Exhibit F**, at ¶ 1.1.

7.      Meridian is not a Texas citizen. Defendant Meridian Security Insurance Company is a foreign corporation organized under the laws of the State of Indiana with its principal place of business located at 12900 N Meridian St., Carmel, Indiana 46032.  Therefore, complete diversity of citizenship exists among Plaintiff and Meridian.

8.      For the purposes of establishing diversity, an incorporated entity is considered a citizen of the state of incorporation and citizen of the state in which it maintains its principal place of business. *See Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Therefore, Meridian is a citizen of the State of Indiana for the purposes of establishing citizenship under 28 U.S.C. § 1332(c).

9.      Thus, complete diversity of citizenship exists among the properly joined Parties in this action as the Plaintiff is a citizen of Texas and Meridian is a citizen of Indiana.

**B.    The Amount in Controversy Requirement is Satisfied**

10.    The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Allen v R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

11.    Here, the Plaintiff's Original Petition states Plaintiff is seeking "monetary relief of $250,000 or less." *See* **Exhibit F** at ¶ 3.1. Before filing suit, Plaintiff sent a demand letter alleging damages of $118,492.55. **Exhibit G** at p. 4. Thus, Plaintiff seeks damages in excess of $75,000, which satisfies the amount in controversy requirement.

**C.    Other Matters**

12.    Removal to the Southern District of Texas, McAllen Division is proper because the State Court Action is pending in Hidalgo County, Texas, which is part of the Southern District.

13.    In compliance with 28 U.S.C. § 1446(a) and Local Rule 81, Defendant attaches to this Notice of Removal: (a) index of all documents that identifies each document and indicates the date the document was filed in stated court, (b) a civil cover sheet and copy of the state court docket sheet, (c) a copy of all pleadings that assert causes of action; (d) list of all counsel of record; all answers to such pleadings and a copy of all process and orders served upon the party removing the case. *See* **attached Appendix.**

14.    Defendant will separately file any Corporate Disclosure which may be required after filing this Notice in compliance with FED. R. CIV. P. 7.1.

15.    In compliance with 28 U.S.C. § 1446(d), Defendant hereby certifies that it will promptly

notify the clerk of the court in the State Court Action and all adverse parties of this removal.

## IV.    CONCLUSION AND PRAYER

16.    The basis for this removal and this Court's jurisdiction is diversity of citizenship under 28 U.S.C. §1332 because Plaintiffs are citizens of Texas and Meridian is a citizen of Indiana. For the reasons stated in this Notice, the parties are completely diverse, and the Court may exercise diversity jurisdiction over this lawsuit. The amount in controversy, based on the face of the Plaintiffs' Original Petition, exceeds $75,000.00, exclusive of interest and costs. As such, this Court has subject matter jurisdiction over this action and this removal is proper under 28 U.S.C. § 1441. On these grounds, Meridian hereby removes the referenced State Court Action to this Court.

17.    Defendant demands a jury in this removed action.

18.    THEREFORE, Defendant Meridian Security Insurance Company, respectfully requests that the above-entitled action be removed from the County Court at Law #4, Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division.

Respectfully submitted,

By: */s/Sheryl Kao*_____
    Sheryl Kao
    State Bar No. 24036874
    Email: kao@mdjwlaw.com
    MARTIN, DISIERE, JEFFERSON & WISDOM L.L.P.
    9111 Cypress Waters Blvd., Suite 250
    Dallas, Texas 75019
    Telephone: (214) 420-5500
    Facsimile: (214) 420-5501

    Christopher W. Martin
    State Bar No: 13057620
    Email: martin@mdjwlaw.com
    MARTIN, DISIERE, JEFFERSON & WISDOM L.L.P.
    Niels Esperson Building
    808 Travis, Suite 1100
    Houston, Texas 77002
    Telephone: (713) 632-1701
    Facsimile: (713) 222-0101

    **ATTORNEYS FOR DEFENDANT**
    **MERIDIAN SECURITY INSURANCE**
    **COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

        I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to opposing counsel in accordance with the Federal Rules of Civil Procedure on September 12, 2022.

| | |
|---|---|
| Douglas E. Pennebaker<br>Pennebaker Law Firm<br>4103 Parkdale St.<br>San Antonio, Texas 78229 | Eric A. Quiroz<br>The Law Offices of Michael R. De Leon PLLC<br>3613 W. Alberta Rd.<br>Edinburg, Texas 78539 |

    */s/Sheryl Kao*_____
    Sheryl Kao